NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR ENRIQUE CHIGUILA SANTOS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 18-73007 <br><br> Agency No. A202-086-299 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February, 16 2023[**]
San Francisco, California

Before: FRIEDLAND, BADE, and KOH, Circuit Judges.

Salvador Enrique Chiguila Santos ("Petitioner"), a native and citizen of El

Salvador, seeks review of a decision of the Board of Immigration Appeals ("BIA")

affirming the denial by an immigration judge ("IJ") of his applications for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition.[1]

First, we do not have jurisdiction to address Petitioner's claim that the BIA and IJ misstated his particular social group as "members of a family owned business" rather than "former members of a family owned business." Before the BIA, Petitioner did not challenge the IJ's classification of his particular social group as "members of a family owned business." His passing references in his brief to "previously being a family business owner," were insufficient to put the BIA on notice that he was challenging the IJ's description of his particular social group. *See Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004). Because Petitioner failed to raise this argument to the BIA, we do not have jurisdiction to address it here. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Second, we reject Petitioner's argument that "members of a family owned business" qualifies as a particular social group. Substantial evidence supports the BIA and IJ's determination that this group is not socially distinct. *See Conde Quevedo v. Barr,* 947 F.3d 1238, 1242 (9th Cir. 2020) ("The BIA's conclusion regarding social distinction—whether there is evidence that a specific society

---

[1] Petitioner does not present any arguments challenging the denial of CAT protection and, thus, has waived that claim. *See Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018).

recognizes a social group—is a question of fact that we review for substantial evidence."). The record here does not compel the conclusion that "members of a family owned business" are recognized by Salvadoran society as distinct from other business owners, merchants, or, more broadly, people with money. Because Petitioner is unable to show membership in a particular social group or persecution based on another protected category, he does not qualify for asylum and withholding of removal. *See* 8 U.S.C. § 1101(a)(42); *id.* § 1231(b)(3)(A).

Finally, because the BIA properly denied Petitioner's asylum and withholding claims on the merits and did not consider the IJ's findings related to the one-year filing bar, we do not consider Petitioner's challenges to those findings. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1088 (9th Cir. 2020) ("A panel may only affirm on the grounds set forth in the BIA's decision.").

**PETITION DISMISSED in part and DENIED in part.[2]**

---

[2] In light of our ruling, the motion for a stay of removal is denied as moot. **See Dkt. 1.** The temporary stay of removal will remain in place until the mandate issues.